# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30655
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LLOYD E. BARMORE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CR-166-1

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lloyd E. Barmore pleaded guilty to possession of methamphetamine with intent to distribute and was sentenced to 240 months of imprisonment and 5 years of supervised release. He reserved the right to appeal the district court's denial of his motion to suppress. In the context of the denial of a suppression motion, we review the district court's factual findings for clear

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error and its legal conclusions de novo.  *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005).

Barmore argues that the facts and circumstances surrounding his arrest did not justify a warrantless search of his truck because they did not give rise to probable cause to believe that the truck contained contraband.  "It is well settled that probable cause to search an automobile exists when trustworthy facts and circumstances within the officer's personal knowledge would cause a reasonably prudent man to believe that the vehicle contains contraband." *United States v. Edwards*, 577 F.2d 883, 895 (5th Cir. 1978) (en banc). Barmore's attempt to conceal the drug pipe would have allowed a reasonably prudent man to believe that there were other items of contraband related to illegal drug activity in the truck.  Viewing the evidence in the light most favorable to the Government and considering the totality of the circumstances, we conclude that there was probable cause to conduct a warrantless search of the vehicle.  *See United States v. Zavala*, 541 F.3d 562, 574 (5th Cir. 2008).

Because probable cause existed to search Barmore's vehicle, we need not address the validity of the inventory search of the vehicle.

AFFIRMED.